IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMY LUKASZEWSKI,

    Plaintiff,                                No. CIV S-07-988 JAM KJM PS

    vs.

SMITHGLAXOKLINE,                       <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendant.

_____/

        Defendant removed this action from state court on May 25, 2007. At that time, plaintiff was represented by counsel. While represented by counsel, plaintiff was served with discovery, to which she did not respond. Defendant moved to compel responses to the discovery and by order filed February 21, 2008, plaintiff was ordered to respond to the discovery within fourteen days. Still she did not respond.

        In light of plaintiff's failure to respond to the court's order compelling discovery, defendant moved for dismissal sanctions. Defendant sent all the discovery and orders of the court to plaintiff's address of record. The court's search of public records indicated that plaintiff apparently resided at an address different from the one of record. Therefore, the court directed service on plaintiff, at both addresses, of a copy of the February 21, 2008 order compelling

/////

responses and an order to show cause why this action should not be dismissed for failure to comply with the court's order.

By letter filed April 17, 2008, plaintiff responded to the order to show cause and requested that the action continue, indicating that her medical and housing issues had resolved and that she was ready to proceed forward with the case. Defendant was directed to reserve plaintiff with the discovery at her new address and plaintiff was ordered to respond to the reserved discovery within thirty days. Again, she has not responded to the discovery. Defendant now moves for the sanction of dismissal with prejudice. Despite the court's continuance of the hearing on defendant's pending motion and affording plaintiff additional time to oppose the motion, she has not filed opposition.

Most recently, the court attempted to serve a copy of the minutes of the court's August 27, 2008 hearing on plaintiff at her most recent address of record; the minutes were returned as undeliverable. It appears, therefore, that plaintiff once again has failed to keep the court apprised of her current address as is required by the local rules; service on the address of record nevertheless is effective. See Local Rule 83-182(f).

Under Federal Rule of Civil Procedure 37(b)(2), dismissal is appropriate for failure to comply with an order compelling discovery where plaintiff has demonstrated willfulness, bad faith or fault. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985). The court finds plaintiff's conduct, as outlined above, to be in bad faith. Despite extensive efforts on the part of the court and defense counsel to elicit responses to discovery, plaintiff has repeatedly stonewalled defendants. Upon weighing the five factors set forth in Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990), it appears dismissal is warranted as a discovery sanction. See Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994) (application of five factors, namely (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions).

1     The first two factors on their face, expeditious resolution of litigation and
2 management of the court's docket, favor the imposition of sanctions in this case, which has been
3 pending for over a year with no prosecution whatsoever on the part of the plaintiff. Regarding
4 the third factor, prejudice to defendants, defendant has repeatedly attempted to obtain discovery
5 vital to its defense of this action and been utterly thwarted. Moreover, delay itself generally is
6 prejudicial – witness memories fade and evidence becomes stale or undiscoverable. While the
7 fourth factor favors resolution on the merits, there is no evidence in the record that plaintiff has
8 taken any steps to appropriately prosecute this action. In addition, forcing defendant to proceed
9 to trial with no discovery can hardly be characterized as a fair trial on the merits. As to the fifth
10 factor, the court has already employed less drastic sanctions, all to no avail. Plaintiff initially did
11 not keep the court apprised of her change of address, but the court was able through public
12 records to ascertain plaintiff's new address and plaintiff was served there with the discovery as
13 well as the orders compelling discovery. Despite being cautioned that failure to comply would
14 result in a recommendation of dismissal, plaintiff has not provided any substantive response.
15 Plaintiff has also failed to oppose the pending motion, indicating abandonment of the litigation.
16 And once again she has failed to keep the court apprised of her current address. The court
17 therefore concludes there is no suitable alternative sanction less drastic than dismissal.

18     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
19 with prejudice.

20     These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned
24 /////
25 /////
26 /////

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2008.

_____
U.S. MAGISTRATE JUDGE

006
lukaszewski.57